**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

MATTHEW KENT and RENEE KENT, :

                                :      **ID No. K16C-04-022 NEP**

          Plaintiffs,           :      **In and for Kent County**

                                :

     v.                           :

                                :

THE DOVER OPHTHALMOLOGY    :

ASC., LLC d/b/a BLUE HEN SURGERY :

CENTER; REBECCA A WEBER       :

SWEET, R.N.; and JACQUELINE A.   :

TILLER, R.N., BSN-BC, MSN.        :

                                :

          Defendants.          :

Submitted:  March 20, 2018
Decided:  March 23, 2018

### ORDER

Before the Court is Defendants Dover Ophthalmology ASC., LLC d/b/a Blue Hen Surgery Center (hereinafter "BHSC"), Rebecca A. Weber Sweet, R.N. (hereinafter "Nurse Sweet"), and Jacqueline A. Tiller, R.N.'s (hereinafter "Nurse Tiller" and "Defendants," collectively) Motion for Reargument of this Court's March 2, 2018 Memorandum Opinion on pending motions *in limine*, and Matthew Kent (hereinafter "Mr. Kent") and Renee Kent's (hereinafter "Ms. Kent" and "Plaintiffs," collectively) opposition to that motion. This opinion sets forth the Court's decision on the motion.

Plaintiffs are suing Defendants in medical negligence for injuries allegedly suffered by Mr. Kent as a result of his treatment at BHSC on June 26, 2014. On March 2, 2018, this Court granted Plaintiffs' motion to exclude certain opinions of Daniel M. Feinberg, M.D (hereinafter "Dr. Feinberg"), specifically prohibiting Dr. Feinberg from offering an expert opinion that Mr. Kent's CRPS and nerve damage were caused by the initial

insertion, rather than prolonged placement, of an IV catheter that was placed in accordance with the standard of care. This Court's reasoning was simple: the *Daubert* line of cases requires expert opinions to have reliable bases, and Defendants' asserted basis for Dr. Feinberg's opinion, *i.e.*, Dr. Feinberg's "general knowledge of the medical literature on venipuncture-caused CRPS," fell short of that standard.[1]

A motion for reargument filed pursuant to Superior Court Civil Rule 59(e) will only be granted if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] Motions for reargument should not be used to rehash arguments already decided by the Court, or to present new arguments that were not previously raised.[3] Using a motion for reargument for either of these improper purposes "frustrate[s] the efficient use of judicial resources, place[s] the opposing party in an unfair position, and stymie[s] 'the orderly process of reaching closure on the issues.'"[4] In order for the motion to be granted, the movant must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[5] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[6]

In their motion for reargument, Defendants allege that the Court erred because it "misconstrued the factual record underlying Dr. Feinberg's opinion." Defendants assert that the basis of Dr. Feinberg's opinion is a soundly performed differential diagnosis, and further that the record reflects that "Dr. Feinberg performed a physical examination of

---

[1] *Kent v. Dover Ophthalmology*, 2018 WL 1151930 (Del. Super. Mar. 2, 2018).

[2] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006) (citing *Bd. of Managers of the Del. Criminal Justice Info. Sys. v. Gannet Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).

[3] *Tilghman v. Del. State Univ.*, 2012 WL 5551233, at *1 (Del. Super. Oct. 16, 2012).

[4] *Id.* (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).

[5] *Brenner v. Village Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) (citing *E.I. duPont de Nemours Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995)).

[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096 at *2 (Del. Super. Jan. 25, 2017).

Mr. Kent, took his medical history and reviewed extensive records and clinical test results, including the report of the ultrasound performed by Dr. Roedl, as well as a nerve conduction and electromyogram study which showed no evidence of nerve injury . . . . [and] eliminated another possible cause for the CRPS."

Plaintiffs, responding in opposition to the motion, argue that "Defendants provided no evidence of a differential diagnosis and did not argue that [Dr. Feinberg] performed a differential diagnosis, until they filed a motion for reargument."

Here, having thoroughly reviewed and considered the parties' written submissions, as well as the controlling precedent, the Court finds that its March 2, 2018 Order must stand because the Court is not persuaded that it overlooked any controlling law or misapprehended any fact.

The Court fully apprehended the facts in this case, and understood that Dr. Feinberg physically examined Mr. Kent, took his medical history, reviewed tests, and appeared to rule out possible causes. However, the Court was never presented with any argument that Dr. Feinberg relied upon these when forming his causation theory. Defendants' response to Plaintiffs' motion to preclude certain opinions of Dr. Feinberg failed to cite to any medical literature, never mentioned the words "differential" or "diagnosis," and cited to no case law or statute whatsoever. Questioned further at oral argument, defense counsel indicated that Dr. Feinberg's opinion is based on the medical literature generally—again making no mention of a differential diagnosis—and the Court requested that Defendants produce specific literature. In response to this request, Defendants replied, "it is not anticipated that at trial Dr. Feinberg would specifically cite to any particular article on this subject, but rather simply make the point at [sic] the published medical literature includes no evidence linking prolonged compression of a nerve in the context of venipuncture with CRPS."

The Court has provided Defendants with three separate opportunities to inform the Court of the bases for Dr. Feinberg's opinion: the initial written response to Plaintiffs' motion, oral argument, and a supplemental written response to the Court's targeted inquiry. Defendants never indicated that the basis for Dr. Feinberg's opinion was a differential diagnosis. This argument is raised, only now, at the motion for reargument stage. Considering this argument would "frustrate the efficient use of judicial resources, place [Plaintiffs] in an unfair position, and stymie 'the orderly process of reaching closure on the issues.'"[7]

**WHEREFORE**, for the foregoing reasons, Defendants' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

__/s/ Noel Eason Primos_____

NEP/wjs
*Via File & ServeXpress*
oc.     Prothonotary
cc.     Counsel of Record

---

[7] *Tilghman*, 2012 WL 5551233 at *1 (citing *Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004)).